Rick L. Rose (5140)
Kristine M. Larsen (9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
Salt Lake City, Utah  84111
801-532-1500
801-532-7543 (Fax)

*Attorneys for Defendant Zimmer Holdings, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY VOSS and SHIRLEY VOSS, | ) |
| Plaintiffs, | ) |
| v. | ) **NOTICE OF REMOVAL** |
| ZIMMER HOLDINGS, INC., DEPUY, INC., DEPUY INTERNATIONAL, DEPUY ORTHOPEDICS, INC., JOHNSON & JOHNSON, INC. and JOHN DOES I-X, | ) Civil No. 1:11cv00087<br>) Judge Paul M. Warner |
| Defendants. | ) |

Defendant Zimmer Holdings, Inc. ("Zimmer"), files this Notice Of Removal of an action pending against Zimmer in state court (the "Action") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Removal is based on the following grounds:

1. On March 16, 2011, Plaintiffs filed a Complaint and Jury Demand ("Complaint") in the Third Judicial District Court, Salt Lake County, Utah, captioned *Gary Voss and Shirley Voss v. Zimmer Holdings, Inc., Depuy, Inc., Depuy International, Depuy Orthopedics, Inc., Johnson & Johnson, Inc., and John Does I-X*, Case No. 110906195.  On April

21, 2011, Plaintiffs also filed a Summons in the case.  Copies of the Summons and Complaint are attached collectively as Exhibit A to this Notice.

2. The Summons and Complaint were served on Zimmer on April 29, 2011. No other defendant was served with the Summons and Complaint prior to April 29, 2011.

3. This Notice of Removal is being filed within thirty (30) days after the service of the Plaintiffs' Summons and Complaint and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Court has original diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a), and the Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

5. Plaintiffs Gary Voss and Shirley Voss are now, and were at the commencement of this action, citizens of the State of Utah.  (Complaint, ¶1.)

6. Zimmer is now, and was at the commencement of this action, incorporated under the laws of the State of Delaware, with its principal place of business in Warsaw, Indiana.

7. Counsel for defendant Depuy Orthopedics, Inc. represented to Zimmer's counsel that Depuy Orthopedics, Inc. is an Indiana corporation with its principal place of business in Indiana.  Counsel for defendant Depuy, Inc. represented to Zimmer's counsel that Depuy, Inc. is a Delaware corporation with its principal place of business in Indiana.  Counsel for the Depuy defendants also represented that he is unfamiliar with "Depuy International", but if the complaint is attempting to refer to Depuy International Limited, Depuy International Limited is a United Kingdom company.  Counsel for Johnson & Johnson represented that defendant

Johnson & Johnson, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

8. This is a medical implant product liability action in which Plaintiffs allege that they were injured as a result of Zimmer's product. (Complaint, ¶¶ 10-13, 15, 18, 22.) Plaintiffs further allege that Gary Voss has experienced pain and suffering and mental distress, and has suffered and will continue to suffer restrictions and limitations on his activities. (Complaint, ¶11.) Plaintiffs further allege that they have incurred, and will continue to incur, medical expenses and physical and emotional pain and suffering. (Complaint, ¶16.) Plaintiffs also allege that Mrs. Voss has suffered a loss of consortium. (Complaint, ¶27.) The amount in controversy, therefore, exceeds Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs.

9. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of diversity of citizenship and an amount in controversy which exceeds the sum or value of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10. Counsel for defendants Depuy, Inc., Depuy International, Depuy Orthopedics, Inc., and Johnson & Johnson, Inc., have authorized the undersigned counsel to represent that they consent to removal of this action to federal court.

11. Zimmer has provided notice of the removal of the Action to Plaintiffs and to the Third Judicial District Court, Salt Lake County, Utah, by filing a "Removal Notice," together with a copy of this "Notice of Removal," in the Third Judicial District Court, Salt Lake County, Utah, and by serving copies of the same on Plaintiffs pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Zimmer Holdings, Inc. respectfully requests that the Action be removed to this Court.

Dated:  May 31, 2011                            **Respectfully submitted,**

                                                              RAY QUINNEY & NEBEKER

                                                              Kristine M. Larsen_____
                                                              Rick L. Rose
                                                               Kristine M. Larsen

                                                              *ATTORNEYS FOR ZIMMER HOLDINGS, INC.*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Notice Of Removal has been served by first-class United States mail, postage prepaid, on this 31st of May, 2011, upon the following:

>Jeffrey D. Eisenberg
>Robert Gilchrist
>EISENBERG & GILCHRIST
>900 Parkside Tower
>215 South State Street
>Salt Lake City, UT  84111
>
>John A. Anderson
>STOEL RIVES
>201 So. Main St., #1100
>Salt Lake City, UT  84111

                                                            Kristine M. Larsen_____

1137186

5