# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click* here *to receive and view your Service of Process documents now.*
*For more information on instant access to your SOP, click* Sign Me Up.

## NOTICE OF SERVICE OF PROCESS

Transmittal Number: 8689142
Date: 04/30/2011

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | Zimmer Holdings, Inc. |
| **Entity I.D. Number:** | 2452402 |
| **Entity Served:** | Zimmer Holdings, Inc. |
| **Title of Action:** | Gary Voss vs. Zimmer Holdings, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Salt Lake County Third Judicial District Court, Utah |
| **Case/Reference No:** | 110906195 |
| **Jurisdiction Served:** | Indiana |
| **Date Served on CSC:** | 04/29/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Jeffrey D. Eisenberg
801-366-9100

**Primary Contact:**
David  Royster
Zimmer Holdings, Inc.

**Copy of transmittal only provided to:**
Chad Phipps
Trish Johnson
Byron Hayes

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

2711 Centerville Road  Wilmington, DE 19808
(888) 690-2882  |  sop@cscinfo.com

2

Jeffrey D. Eisenberg (#4029)
Robert Gilchrist (#3715)
**EISENBERG & GILCHRIST**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
(801) 366-9100
(801) 350-0065 – facsimile

FILED DISTRICT COURT
Third Judicial District

MAR 1 6 2011

SALT LAKE COUNTY

By_____
                          Deputy

*Attorneys for Plaintiffs*

---

## BEFORE THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, UTAH

| | |
|---|---|
| GARY VOSS and SHIRLEY VOSS, | **COMPLAINT AND** |
| Plaintiffs, | **JURY DEMAND** |
| vs. | |
| ZIMMER HOLDINGS, INC., DEPUY, INC., DEPUY INTERNATIONAL, DEPUY ORTHOPEADICS, INC., JOHNSON & JOHNSON, INC., and JOHN DOES I-X, | Case No.: 110906195<br>Judge: Iwasaki |
| Defendants. | |

---

The Plaintiffs complain of the Defendants and allege for their causes of action against

Defendants as follows:

### PARTIES, JURISDICTION, & VENUE

1.    Plaintiffs GARY VOSS and SHIRLEY VOSS are husband and wife and are

residents of Tremonton, Box Elder County, Utah.

2.    The Defendant Zimmer Holdings, Inc. (hereafter "Zimmer") is a Delaware

corporation with its principal place of business in Indiana, which designs, manufactures and/or

sells medical devices for sale in the State of Utah and specifically designed, manufactured and/or

sold the medical device subject of this Complaint.

3.    The Defendant Depuy, Inc. (hereafter "Depuy Companies") is an Indiana corporation with its principal place of business in Warsaw, Indiana, which designs, manufactures and/or sells medical devices for sale in the State of Utah and specifically designed, manufactured and/or sold the medical device or parts thereof which is subject of this Complaint. It is believed that Defendant Depuy, Inc. is a subsidiary of Defendant Johnson and Johnson.

4.    The Defendant Depuy International (hereafter "Depuy Companies") is believed to be a subsidiary of Depuy, Inc. an Indiana corporation with its principal place of business in Warsaw, Indiana, which designs, manufactures and/or sells medical devices for sale in the State of Utah and specifically designed, manufactured and/or sold the medical device or parts thereof which is subject of this Complaint.

5.    The Defendant Depuy Orthopeadics, Inc. (hereafter "Depuy Companies") is believed to be a subsidiary of Depuy, Inc. an Indiana corporation with its principal place of business in Warsaw, Indiana, which designs, manufactures and/or sells medical devices for sale in the State of Utah and specifically designed, manufactured and/or sold the medical device or parts thereof which is subject of this Complaint.

6.    Defendant Johnson & Johnson, Inc ("Defendant Johnson" or "Johnson") is a New Jersey corporation which does business in Utah, and which regularly causes its products to be sold in Salt Lake County, State of Utah.

7.    John Does I-X were also involved in the design, manufacture and/or sale of the medical device subject of this Complaint.

8.    Venue is properly placed before this Court pursuant to Utah Code Ann. § 78-13-7

and Utah Code Ann. § 63-30d-502.

9.     Jurisdiction is properly placed before this Court pursuant to Utah Code Ann.§ 78-27-24 and Utah Code Ann. § 63-30d-501.

## GENERAL ALLEGATIONS

10.     On or about October 11, 2006, Plaintiff Gary Voss underwent a right total knee arthroplasty at the Cache Valley Specialty Hospital wherein he was fitted with a Zimmer LPS Knee, cemented 38x9 mm all-polyethylene patella component and related parts (hereafter collectively referred to as the "Device"). It is believed that all Defendants took part in the designed, manufacture and/or selling of the medical device or parts thereof.

11..     On or about March 23, 2009, Plaintiff Gary Voss was required to undergo revision of the Zimmer LPS Knee, cemented 38x9 mm all-polyethylene patella component of right total knee arthroplasty due to the failure of the Device; and he is still undergoing medical treatment, and has suffered and will continue to suffer restrictions and limitations on his activities, pain, suffering and mental distress.

12.     During the course of the March 23, 2009 revision of the Zimmer LPS Knee, cemented 38x9 mm all-polyethylene patella component of right total knee arthroplasty, it was discovered that the Device had failed and was defective.

13.     As a result of the Plaintiff failure of the Device, Plaintiff Gary Voss has been unable to continue to provide Plaintiff Shirley Voss with such care, companionship, support and affection as to which she was previously accustomed.

## FIRST CAUSE OF ACTION – NEGLIGENCE

14.     Plaintiffs incorporate all preceding paragraphs herein and further allege the

following:

15.    The Defendants were negligent in its acts or omissions, including but not limited to the following:

    A.    Designing, manufacturing and/or selling the Device;

    B.    The composition, manufacture or fabrication of the Device;

    C.    Failing to provide adequate warnings to the medical community and healthcare providers who would be implanting the Device in patients and as to follow-up patient care and in failing to adequately warning the Plaintiff, Gary Voss, of the defective nature of the Device and risks associated therewith.

16.    As a direct and proximate cause of Defendants' negligence, the Plaintiff Gary Voss has suffered damages, among which are the following:

    A.    Non-economic general damages, including pain, suffering, loss or reduction of mobility and function of his extremities, loss of enjoyment of life; and

    B.    Economic special damages, including the incurrence of medical, hospital, therapy and other health care related services, and increased cost of home assistance for the Plaintiff Gary Voss.

### SECOND CAUSE OF ACTION – BREACH OF WARRANTY

17.    Plaintiffs incorporate all preceding paragraphs herein and further allege the following:

18.    The Defendants expressly and/or impliedly warranted that the Device was safe,

merchantable, and fit for its intended use.  The Defendants breached their warranties to Plaintiff

Gary Voss because said Device was defective, not of merchantable quality, unfit for its intended

uses and purposes and/or was unreasonably dangerous.

19.     Plaintiff Gary Voss suffered personal injury as the direct and proximate result of

reliance on said warranties and as the direct and proximate result of the breaches of said

warranties by Defendants.

20.     As a proximate cause of the Defendants' breach of warranty, the Plaintiff Gary

Voss has suffered damages, among which are the following:

> A.     General damages, including pain, suffering, loss or reduction of mobility
>
> and function of his extremities, loss of enjoyment of life; and
>
> B.     Special damages, including the incurrence of medical, hospital, therapy
>
> and other health care related services, increased cost of home assistance
>
> for the Plaintiff Gary Voss.

### THIRD CAUSE OF ACTION – STRICT LIABILITY

21.     Plaintiffs incorporate all preceding paragraphs herein and further allege the

following:

22.     The Defendants are engaged in the business which included the design,

manufacture and sale of the Device and products similar to it.  When sold, the Device was in a

defective condition unreasonably dangerous to foreseeable recipients of the Device.

23.     Said defective and dangerous condition proximately caused Plaintiff Gary Voss's

injuries while the Device was being used for its ordinary intended purposes and in an intended

and foreseeable manner. The injuries suffered by Plaintiff Gary Voss were the direct and

proximate result of the sale by the Defendants of said defective and unreasonably dangerous

Device.

    24.    As a proximate cause of each of the Defendants' breach of strict liability, the

Plaintiff Gary Voss has suffered damages, among which are the following:

        A.    General damages, including pain, suffering, loss or reduction of mobility

            and function of his extremities, loss of enjoyment of life; and

        B.    Special damages, including the incurrence of medical, hospital, therapy

            and other health care related services, increased cost of home assistance

            for the Plaintiff Gary Voss.

### FOURTH CAUSE OF ACTION – LOSS OF CONSORTIUM

    25.    Plaintiffs incorporate all preceding paragraphs herein and further allege the

following:

    26.    At all relevant times, Plaintiff Gary Voss was married to Plaintiff Shirley Voss.

    27.    As a result of the Defendants' negligent acts or omissions and the defective

Device, Plaintiff Gary Voss has been unable to continue to provide Plaintiff Shirley Voss with

the care, companionship, support and affection as to which she was previously accustomed.

    28.    As a direct and proximate result of the injuries caused by the Defendants,

Plaintiffs are entitled to past and future damages for mental anguish, loss of society,

companionship, comfort and protection, as well as loss of marital care and attention.

    29.    As a proximate cause of the Defendants' negligence, the Plaintiff Shirley Voss has

suffered damages, among which are the following:

        A.    General damages, including mental anguish, loss of society,

companionship, comfort and protection, as well as loss of marital care and

attention; and

B.    Special damages, including the incurrence of increased cost of home and

health care services, medical, hospital, therapy and other health care

related services for the Plaintiff Gary Voss and his wife, Shirley Voss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby demand judgment against each of the Defendants as

follows:

1.    For a reasonable sum as non-economic general damages for the pain, suffering,

loss or reduction of mobility and function of Plaintiff Gary Voss's extremities and loss of

enjoyment of life, in an amount to be determined at trial;

2.    For compensation of economic special damages, in an amount to be determined at

trial;

3.    For damages for loss of consortium, as to the Plaintiff Shirley Voss;

4.    For Plaintiffs' costs incurred herein;

5.    For prejudgment interest and post-judgment interest, according to law;

6.    And for such other and further relief as the Court deems proper under the

circumstances.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this case pursuant to Rule 38(b) Utah Rules of

Civil Procedure.  The requisite jury fee is submitted herewith.

DATED this 15 day of March, 2011.

EISENBERG & GILCHRIST

Jeffrey D. Eisenberg
Robert Gilchrist

**Attorneys for Plaintiffs**

<u>Address of Plaintiffs:</u>
605 E. Foxridge Drive
Providence, Utah  84332