# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| GARY VOSS and SHIRLEY VOSS,<br><br>Plaintiffs,<br><br>v.<br><br>ZIMMER HOLDINGS, INC., ET AL.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:11-CV-87DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiffs' Motion to Remand. The parties have fully briefed the motion. The court concludes that oral argument would not significantly aid in its determination of the motion. Accordingly, the court enters the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the present motion.

On May 31, 2011, Defendant Zimmer Holdings Inc. removed this action from the Third Judicial District Court in and for Salt Lake County, State of Utah, civil no. 110906195. Because this case presents only state law causes of action, Defendant removed the case only on the basis of diversity of citizenship under 28 U.S.C. § 1332. Under 28 U.S.C. § 1441(b) a case based on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Plaintiffs move to remand the case to state court because they intend to add additional defendants who were not originally added because Plaintiffs were required to follow the pre-litigation process provided for in Utah's Medical Malpractice statute ("medical malpractice

defendants"). The medical malpractice defendants include Edwin Goble, M.D., Goble Knee Clinic, and Cache Valley Specialty Hospital, LLC. Plaintiffs allege that these defendants are residents of Utah and their addition to this action will destroy diversity jurisdiction.

The court agrees with Plaintiffs that the addition of these defendants would destroy diversity jurisdiction. However, the court also agrees with Defendants that Plaintiffs' motion to remand is premature until such time as Plaintiffs seek to add these defendants and the defendants are, in fact, added to the case. Until the Defendants are added, jurisdiction in this court is proper. Moreover, for a variety of reasons, Plaintiffs could decide not to add the medical malpractice defendants to this action. Accordingly, Plaintiffs' Motion to Remand is DENIED without prejudice, to be renewed at such time as the medical malpractice defendants are added to this action.

DATED this 15th day of August, 2011.

_____
DALE A. KIMBALL
United States District Judge